UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| MIA B.,<br><br>              Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case # 1:20-cv-1064-DB<br><br>MEMORANDUM<br>DECISION AND ORDER |

## INTRODUCTION

Plaintiff Mia B. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 16).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 11, 14. Plaintiff also filed a reply brief. *See* ECF No. 15. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 11) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 14) is **GRANTED**.

## BACKGROUND

Plaintiff protectively filed an application for SSI on September 15, 2017, alleging disability beginning December 16, 2016 (the disability onset date), due to a back condition, heel spurs, sleep difficulties, and hyperthyroidism. Transcript ("Tr.") 23, 180-85, 199. Plaintiff's claim was denied initially on January 12, 2018, after which she requested an administrative hearing. Tr. 23. On

September 20, 2019, Administrative Law Judge David J. Begley (the "ALJ") conducted a video hearing from Alexandria, Virginia. Tr. 23. Plaintiff appeared and testified from Buffalo, New York, and was represented by Nicholas DiVirgilio, an attorney. *Id*. Bassey A. Duke, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on November 1, 2019, finding that Plaintiff was not disabled. Tr. 23-34. On June 26, 2020, the Appeals Council denied Plaintiff's request for further review. Tr. 1-7. The ALJ's November 1, 2019 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his November 1, 2019 decision:

1. The claimant has not engaged in substantial gainful activity since September 15, 2017, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: asthma, degenerative disc disease of the lumbar spine, hyperthyroidism, and hypertension (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[1] except the claimant is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling. The claimant must avoid concentrated exposure to extreme heat and cold, to humidity and wetness, and to irritants such as fumes, odors, dust, gases, and poorly ventilated areas. The claimant must also avoid exposure to hazardous machinery, unprotected heights, and open flames.

5. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

6. The claimant was born on December 11, 1966 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 15, 2017, the date the application was filed (20 CFR 416.920(g)).

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Tr. 23-33.

Accordingly, the ALJ determined that, based on the application for supplemental security benefits protectively filed on September 15, 2017, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act. Tr. 34.

## **ANALYSIS**

Plaintiff asserts a single point of error. Plaintiff argues that the ALJ's RFC lacked "credible support" because he did not provide any reasons for disregarding accepted limitations assessed in the medical opinions he found "persuasive." *See* ECF No. 11-1 at 1, 11-22. Specifically, Plaintiff complains that the ALJ did not specify limitations in pushing, pulling, and reaching in his RFC determination. *See id*. at 16-18.

The Commissioner argues in response that the ALJ's finding that Plaintiff retained the RFC to perform light work with no more than occasional climbing, balancing, stooping, kneeling, crouching, and/or crawling on evidence was properly based on the medical opinion evidence and other objective evidence of record. *See* ECF No. 14-1 at 13-20. Accordingly, argues the Commissioner, the ALJ's RFC finding was supported by substantial evidence. *See id*.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77. Upon review of the record in this case, the Court finds that the ALJ adequately considered the evidence of record, including the medical opinion evidence, the treatment notes, and the objective findings, and the ALJ's RFC determination was supported by substantial evidence.

5

Consulting physician Nikita Dave, M.D. ("Dr. Dave"), examined Plaintiff on November 2, 2017. Tr. 281-85. Plaintiff complained of lower back pain, asthma, hyperthyroidism, and hypertension. Tr. 281. Plaintiff reported that she cleans house, cooks, washes her laundry, and shops. Tr. 282. Upon physical examination, Dr. Dave observed that Plaintiff's blood pressure level was 122/78. Tr. 282. Her gait and stance were normal, and she walked on her heels and toes without difficulty. *Id*. Plaintiff exhibited no difficulty changing for the examination, getting on and off the examination table, or rising from a seated position. Tr. 282-83. Plaintiff had full range of motion in her cervical spine, limited range of motion in her lumbar spine, and she complained of mild tenderness in the lumbar spine. Tr. 283. Straight leg raising testing was negative bilaterally. *Id*. An x-ray of Plaintiff's lumbar spine was unremarkable. Tr. 284, 286. Plaintiff demonstrated full muscle strength and full ranges of motion, as well as normal reflexes and sensations throughout her arms and legs. Tr. 283-84. Her hand and finger dexterity were intact, and she demonstrated full grip strength bilaterally. Tr. 284. Based on her examination, Dr. Dave assessed mild-to-moderate limitations in prolonged standing and walking, lifting, carrying, pushing, pulling, and prolonged sitting. Tr. 284.

State agency medical consultant D. Miller, D.O. ("Dr. Miller"), reviewed the evidence of record on January 11, 2018, and assessed that Plaintiff could lift fifty pounds occasionally and twenty-five pounds frequently. Tr. 99. Dr. Miller also assessed that Plaintiff's ability to push and/or pull was limited only by her ability to lift and/or carry. She could sit as well as stand and/or walk for about six hours during an eight-hour workday. Dr. Miller assessed that Plaintiff had no postural nor manipulative limitations. *Id*.

Physical therapist Elizabeth Stom, MSPT ("Ms. Stom"), evaluated Plaintiff's functional capacity on March 20, 2018. Tr. 295-98. Ms. Stom assessed that Plaintiff could lift and carry twenty pounds with two hands and carry ten pounds with one hand. Tr. 296. Plaintiff could

6

frequently stand; she could occasionally push, pull, sit, walk, climb stairs, and balance; and she could work arms overhead and work stooped/standing. Tr. 296. Her manual dexterity and grip strength were normal, bilaterally. Tr. 297. Ms. Stom opined that Plaintiff retained the functional capacity to perform light work. Tr. 298.

On June 5, 2018, treating family physician Donna Gasparro, M.D. ("Dr. Gasparro"), completed a medical questionnaire regarding Plaintiff's ability to perform work-related activities. Tr. 633-34. Dr. Gasparro noted that she had treated Plaintiff since April 19, 2018. Tr. 634. She also noted that Plaintiff experienced breathing difficulties due to asthma. Tr. 633. She assessed Plaintiff's ability to walk, stand, sit, and/or climb stairs as moderately limited, and her ability to lift, carry, push, pull, and/or bend as very limited. Tr. 634. Dr. Gasparro opined that Plaintiff's limitations were due to shortness of breath and goiter.[2] She further opined that Plaintiff's limitations would last four to six months. Tr. 634.

Dr. Gasparro examined Plaintiff on November 29, 2018. Tr. 314-16. Plaintiff denied shortness of breath and/or wheezing (Tr. 314), and Dr. Gasparro observed that Plaintiff's lungs were clear to auscultation with good air movement throughout and no wheezes, crackles, rhonchi, nor rales (Tr. 315).

On May 24, 2019 and June 26, 2019, Plaintiff was examined by internist Simmanjeet Mangat, M.D. (Dr. Mangat"), with the Niagara Falls Primary Care Center. Tr. 743-49. Plaintiff reported a history of anxiety, depression, hyperthyroidism, and asthma. Tr. 746. Dr. Mangat observed that Plaintiff's physical examination findings were unremarkable and assessed that her asthma was stable and well controlled, and her anxiety, depression, and hyperthyroidism were stable. Tr. 743, 746, 747-48.

---

[2] A goiter is an abnormal enlargement of the thyroid gland. Although goiters are usually painless, a large goiter can make it difficult to swallow or breathe. *See* Mayo Clinic website, https://www.mayoclinic.org/diseases-conditions/goiter/symptoms-causes/syc-20351829.

As noted above, Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence. A claimant's RFC is the most she can still do despite her limitations and is assessed based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); Social Security Ruling ("SSR") 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion.").

Additionally, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *See Veino v Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). In so doing, the ALJ may "choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Moreover, an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. *See Veino*, 312 F.3d at 588. Indeed, an ALJ may formulate an RFC absent any medical opinions. "Where, [] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal citations and quotation omitted).

Moreover, the ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [his] decision," because the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole); *Castle v. Colvin*, No. 1:15-CV-00113 (MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) (The fact that the ALJ's RFC assessment did not perfectly match a medical opinion is not grounds for remand.).

Furthermore, the burden to provide evidence to establish the RFC lies with Plaintiff—not the Commissioner. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry . . . ."); *Mitchell v. Colvin*, No. 14-CV-303S, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is, however, Plaintiff's burden to prove his RFC."); *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009) (The burden is on Plaintiff to show that she cannot perform the RFC as found by the ALJ.).

Contrary to Plaintiff's contentions, the ALJ in this case properly analyzed the opinion evidence and the other evidence of record when developing Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1527, 416.927. Effective for claims filed on or after March 27, 2017, the Social Security Agency comprehensively revised its regulations governing medical opinion evidence creating a new regulatory framework. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132-01 (March 27, 2017). Here, Plaintiff filed her claim on September 15, 2017, and therefore, the 2017 regulations are applicable to her claim.

First, the new regulations change how ALJs consider medical opinions and prior administrative findings. The new regulations no longer use the term "treating source" and no longer make medical opinions from treating sources eligible for controlling weight. Rather, the new regulations instruct that, for claims filed on or after March 27, 2017, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017).

Second, instead of assigning weight to medical opinions, as was required under the prior regulations, under the new rubric, the ALJ considers the persuasiveness of a medical opinion (or a prior administrative medical finding). *Id*. The source of the opinion is not the most important factor in evaluating its persuasive value. 20 C.F.R. § 416.920c(b)(2). Rather, the most important factors are supportability and consistency. *Id*.

Third, not only do the new regulations alter the definition of a medical opinion and the way medical opinions are considered, the regulations also alter the way the ALJ discusses medical opinions in the text of the decision. 20 C.F.R. § 416.920c(b)(2). After considering the relevant factors, the ALJ is not required to explain how he or she considered each factor. *Id*. Instead, when articulating his or her finding about whether an opinion is persuasive, the ALJ need only explain how he or she considered the "most important factors" of supportability and consistency. *Id*. Further, where a medical source provides multiple medical opinions, the ALJ need not address every medical opinion from the same source; rather, the ALJ need only provide a "single analysis." *Id*.

Fourth, the regulations governing claims filed on or after March 27, 2017 deem decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not

10

disabled) as evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. § 416.920b(c)(1)-(3) (2017). The regulations also make clear that, for claims filed on or after March 27, 2017, "we will not provide any analysis about how we considered such evidence in our determination or decision." 20 C.F.R. § 416.920b(c).

Finally, Congress granted the Commissioner exceptionally broad rulemaking authority under the Act to promulgate rules and regulations "necessary or appropriate to carry out" the relevant statutory provisions and "to regulate and provide for the nature and extent of the proofs and evidence" required to establish the right to benefits under the Act. 42 U.S.C. § 405(a); *see also* 42 U.S.C. § 1383(d)(1) (making the provisions of 42 U.S.C. § 405(a) applicable to title XVI); 42 U.S.C. § 902(a)(5) ("The Commissioner may prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration."); *Barnhart v. Walton*, 535 U.S. 212. 217-25 (2002) (deferring to the Commissioner's "considerable authority" to interpret the Act); *Heckler v. Campbell*, 461 U.S. 458, 466 (1983). Judicial review of regulations promulgated pursuant to 42 U.S.C. § 405(a) is narrow and limited to determining whether they are arbitrary, capricious, or in excess of the Commissioner's authority. *Brown v. Yuckert*, 482 U.S. 137, 145 (1987) (citing *Heckler v. Campbell*, 461 U.S. at 466).

In this case, the ALJ properly based his determination that Plaintiff retained the RFC to perform light work with no more than occasional climbing, balancing, stooping, kneeling, crouching, and/or crawling on evidence from consulting examiner Dr. Dave, state agency reviewing physician Dr. Miller, and physical therapist Ms. Stom, as well as the objective evidence of record.

First, the ALJ considered the findings and report of Dr. Dave. Tr. 30-31. It is well established that a consultative physician's opinion may serve as substantial evidence in support of

11

an ALJ's decision if the opinion is supported by evidence in the record, as it is here. *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)). As noted above, Dr. Dave's physical examination findings were unremarkable, except that Plaintiff exhibited limited ranges of motion in her lumbar spine. Tr. 282-84. Based on his generally unremarkable findings, Dr. Dave assessed mild-to-moderate limitations in prolonged standing and walking, lifting, carrying, pushing, pulling, and prolonged sitting. Tr. 284. The ALJ explained that he found Dr. Dave's opinion "persuasive" because it was supported by Dr. Dave's examination of Plaintiff and was consistent with the remainder of the medical evidence, including generally normal physical examination findings and evidence that Plaintiff was able to complete a six-minute walk. Tr. 30-31, 281-286. Thus, Dr. Dave's assessment of mild-to-moderate exertional limitations supports the ALJ's determination that Plaintiff could perform light work,

The ALJ also considered Dr. Miller's assessment. Tr. 31-32. State agency medical consultants, such as Dr. Miller, are highly qualified physicians who are experts in Social Security disability evaluations, and an ALJ is entitled to rely upon their opinions. 20 C.F.R. § 416.913a(b)(1). After reviewing the evidence of record, Dr. Miller similarly assessed that Plaintiff's limitations were consistent with the ability to perform at least light work. Tr. 99. The ALJ explained that he found Dr. Miller's opinion "somewhat persuasive." Tr. 31. Although the ALJ found that this assessment was supported by Dr. Miller's review of the medical record available at the time, he also found that it was not entirely consistent with the remainder of the medical evidence and, therefore, concluded that Plaintiff was capable of work at the light level of exertion, but not at the medium level. Tr. 31-32.

The ALJ found Ms. Stom's assessment "persuasive" because it was supported by her examination of Plaintiff and was consistent with the remainder of the medical evidence. Tr. 31, 295-298. After conducting a functional capacity evaluation, Ms. Stom likewise found that Plaintiff

could perform light work Tr 298. In assessing each of the above opinions, the ALJ cited each provider's generally unremarkable examination findings, as well as evidence indicating that the Plaintiff's gait and stance were normal; she ambulated without an assistive device; straight leg raises were negative bilaterally; she exhibited full range of motion of the shoulders, elbows, forearms, wrists, hips, knees and ankles bilaterally; her sensation and reflexes were intact; and she demonstrated 5/5 strength in the upper and lower extremities and 5/5 grip strength bilaterally. Tr. 30-32.

Plaintiff contends that remand is appropriate because Dr. Dave's assessment did not support the ALJ's RFC determination. *See* ECF No. 11-1 at 14-16. However. This contention is meritless. As noted above, Dr. Dave's assessment (Tr. 284) was also consistent with Dr. Miller's assessment (Tr. 99), and Ms. Stom's functional capacity evaluation findings (Tr. 298). Contrary to Plaintiff's assertions, use of the phrase "mild" or "moderate" does not render a doctor's opinion vague or non-substantial for purposes of the ALJ's RFC determination where, as here, there is additional supporting evidence. *See Mancuso v. Colvin*, No. 12–cv–6425, 2013 WL 3324006, at *4 (W.D.N.Y. July 1, 2013). Furthermore, a doctor's assessment of "mild" and "moderate" limitations is supportive of an RFC for light work. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (physician opinion that claimant had moderate limitations performing certain exertional activities combined with other evidence supported RFC for light work); *see also Carroll v. Colvin*, 2014 WL 2945797, *4 (W.D.N.Y. 2014) (several courts have upheld an ALJ's decision that the claimant could perform light work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing"); *Carpenter v. Astrue*, 2010 WL 2541222, *5 (W.D.N.Y. 2010) (consultative examiner's opinion that plaintiff was moderately limited in prolonged standing, walking, kneeling and climbing is consistent with ALJ's conclusion that plaintiff could perform light work).

Plaintiff also argues that the ALJ erred by failing to explain why he did not adopt the lifting, pushing, and pulling restrictions noted by Dr. Dave and Ms. Stom, despite finding their opinions persuasive. *See* ECF 11-1 at 16-18. As noted above, Dr. Dave assessed mild-to-moderate limitations in prolonged lifting, carrying, pushing, pulling, and prolonged sitting (Tr. 284), and Ms. Stom assessed that Plaintiff could lift and carry twenty pounds with two hands and carry ten pounds with one hand; occasionally push and pull; and could work her arms overhead (Tr. 296). Although Plaintiff asserts that the lifting, pushing, and pulling restrictions assessed by Dr. Dave and Ms. Stom were not inconsistent with the limitations assessed by treating physician Dr. Gasparro, Dr. Gasparro actually assessed greater restrictions as she noted "very limited" ability to lift, carry, push and pull (Tr. 638). Furthermore, the ALJ found Dr. Gasparro's opinion "unpersuasive," stating that although her opinion was supported by her examination records, it was inconsistent with the remainder of the evidence. Tr. 31.

The ALJ must avoid perfunctory determinations by considering all of the claimant's functional limitations, but the ALJ need not provide a narrative discussion for each function, as Plaintiff appears to argue. *See Zatz v. Astrue*, 346 F. App'x 107, 111 (7th Cir. 2009) ("an ALJ need not provide superfluous analysis of irrelevant limitations or relevant limitations about which there is no conflicting medical evidence."); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."); *Depover v. Barnhart*, 349 F.3d 563, 567–68 (8th Cir.2003) ("the ALJ implicitly found that Mr. Depover was not limited in these functions, and in this instance we do not see any reason to remand to make the findings explicit.").

Contrary to Plaintiff's urging, there is no *per se* rule that an ALJ's failure to conduct an explicit function-by-function analysis is an error requiring remand. *See Cichocki v. Astrue*, 729 F.3d 172, 176–77 (2d Cir. 2013). Where an ALJ's analysis regarding a claimant's functional

14

limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence, remand is not necessary merely because the ALJ did not discuss limitations about which there is no conflicting medical evidence. *See id*. (citing *Zatz*, 346 Fed. Appx. at 111 (7th Cir. 2009)). Accordingly, Plaintiff's argument fails. *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC, and failed to do so."); *see Poupore*, 566 F.3d at 306 (2d Cir. 2009) (plaintiff bears the burden of proving that her RFC is more restricted than that found by the ALJ).

Here, Plaintiff does not cite any compelling evidence that her ability to push, pull, and/or reach was more limited than the limitations assessed by the ALJ. Moreover, the objective evidence did not show any limitations greater than those included in the ALJ's RFC determination. For instance, a November 2017 x-ray of Plaintiff's lumbar spine was unremarkable (Tr. 284, 286); a March 2018 chest x-ray was unremarkable (Tr. 682); and a May 2018 pulmonary function test revealed that Plaintiff had only mild airflow obstruction and a merely mild reduction in diffusing capacity (Tr. 429).

Based on the foregoing, the ALJ properly analyzed the medical opinions of record in accordance with the Commissioner's regulations and properly assessed Plaintiff's RFC. *See* 20 C.F.R. § 416.946(c) (the responsibility for determining a claimant's RFC rests solely with the ALJ); *see also Richardson*, 402 U.S. at 399 (it is within the sole province of the ALJ to weigh all evidence and resolve material conflicts); *see Galiotti v. Astrue*, 266 F. App'x 66, 67 (2d Cir. 2008) (it is the province of the ALJ to consider and resolve conflicts in the evidence as long as the decision rests upon "adequate findings supported by evidence having rational probative force"). The ALJ's determination that Plaintiff could perform light work was supported by the assessments of Dr. Dave, Dr. Miller, and Ms. Stom, as well as the treatment records and the objective medical evidence. Accordingly, the Court finds no error.

Finally, Plaintiff contends that the ALJ's step five determination is incorrect because the hypothetical provided to the VE did not include reaching limitations. *See* ECF No. 11-1 at 18-22. However, this is a rehashing of the arguments already addressed above. Plaintiff's contention fails because, as the Court has already determined, substantial evidence supports the ALJ's RFC determination, and the ALJ's hypothetical question appropriately mirrored Plaintiff's RFC. The ALJ may rely on the testimony of the VE when, as here, the hypothetical posed is supported by substantial evidence. *See Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 114 (2d Cir. 2010) (court found that ALJ properly posed hypothetical question to the VE when that hypothetical was based on ALJ's correct RFC assessment); *Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir. 1983)). Furthermore, the ALJ is not required to submit to the VE every limitation alleged by the claimant but must only convey all of a claimant's credibly established limitations. The VE's opinion, therefore, is substantial evidence that supports the ALJ's determination.

At step five, the ALJ considers a claimant's vocational factors and RFC, in conjunction with the Medical-Vocational Guidelines found at 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grids") to determine whether the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.920(g), 416.960, 416.963-65. The Grids contain a series of rules that direct a conclusion of either disabled or not disabled depending on the claimant's RFC and vocational factors. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. However, if a claimant cannot perform the full range of work at a given exertional level due to her non-exertional limitations, and such limitations do not significantly erode her occupational base, then the Grids may be used as a framework for decision-making. 20 C.F.R. § 416.969a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e); SSR 85-15. Also, in such a case, the ALJ may rely upon the testimony of a vocational expert to determine whether a claimant's impairments significantly erode her occupational base. 20 C.F.R. § 416.966(e). If the claimant can perform

work that exists in significant numbers in the national economy, given her RFC, then she is not disabled. 20 C.F.R. § 416.920(g).

Because Plaintiff's non-exertional limitations did not significantly erode her occupational base for light exertional work, the ALJ properly applied Grid Rule 202.10 as a framework for determining that Plaintiff was not disabled. Tr. 32-34. 20 C.F.R. §§ 416.920(g), 416.969a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, Grid Rule 202.10; SSRs 85-15, 96-8p.

As detailed above, substantial evidence in the record supports the ALJ's RFC finding. When "there is substantial evidence to support either position, the determination is one to be made by the fact-finder." *Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. Feb. 15, 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). While Plaintiff may disagree with the ALJ's conclusion, Plaintiff's burden was to show that no reasonable mind could have agreed with the ALJ's conclusions, which she has failed to do. The substantial evidence standard is "a very deferential standard of review – even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude* otherwise." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in the original). As the Supreme Court explained in *Biestek v. Berryhill*, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

For all the reasons discussed above, the Court finds that the ALJ properly considered the evidence of record, including the medical opinion evidence, the treatment notes, and the objective findings, and the ALJ's findings are supported by substantial evidence. Accordingly, the Court finds no error.

**CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE